No. 9.—SAMUEL LINDSEY *et al.* plaintiffs in error, *vs.* ALEX-
ANDER D. HUNTER, defendant in error.

[1.] The withdrawal of the debtor's schedule from the Clerk's office, by the
Attorney, immediately after it is filed, and its detention in his custody until
the sitting of the Court to which it is returnable, may be a good ground
for continuing the cause; it is not sufficient to authorize the imprisonment
of the debtor, no fraudulent intent being imputed to the parties.

[2.] A schedule, with the oath of the insolvent debtor appended, "that he
has no property or effects, of any kind whatever, except as excepted in the
oath prescribed by law for insolvent debtors," is sufficient.

Mandamus. Elbert Superior Court, September Term, 1854.
Decision by Judge ANDREWS.

Alexander D. Hunter being arrested on a *ca. sa.* gave bond
for his appearance at the next term of the Inferior Court of
Elbert County, for the purpose of taking the benefit of the
Honest Debtors' Act. Twenty days before Court Hunter
filed in the Clerk's office a schedule, as follows: "The defend-
ant has no property or effects of any kind, except as excepted
in the oath prescribed by law for insolvent debtors." The
day after this schedule was filed, the Attorney for Hunter,
by consent of the Clerk, took it out of the office and retained
it until Court. No application was made by the Counsel for
creditors in the meanwhile, for an inspection of the schedule.
At the trial, a motion was made to commit Hunter—1st. Be-
cause the schedule was never filed. 2d. Because this was
not a proper and sufficient schedule. This motion was refused,
and a mandamus was sought to compel the Inferior Court to
commit. The refusal of this mandamus is the error assigned.
Other objections were made, not considered by this Court.

VANDUZER, for plaintiffs in error.

T. W. THOMAS, for defendant in error.

Lindsey *et al. vs.* Hunter.

*By the Court.*—LUMPKIN, J. delivering the opinion.

Two questions only need be considered in this case: 1st. Whether the schedule was *filed* in terms of the law? and 2dly. Whether the schedule was sufficient?

[1.] The objection to the filing is, that it was not suffered to remain in the Clerk's office, but was withdrawn by the Attorney of the debtor, and withheld until the sitting of the Court to which it was made returnable. No fraudulent intent is imputed to the parties; no application was made for the paper, either at the Clerk's office or to the Counsel. If the schedule, when produced, operated as a surprise, it would have been good ground for continuing the cause, but certainly not for imprisoning the debtor. In fact, the cause was continued, so that no possible injury could have resulted to the creditor from the failure to leave the schedule in the Clerk's office.

[2.] How stands the matter upon the other ground, namely: the insufficiency of the schedule? The defendant swore that he had no property or effects of any kind, except as excepted in the oath prescribed by law for insolvent · debtors. There is but one oath prescribed, by law, for insolvent debtors; that will be found in the Act of 1801, (*Cobb's Dig.* 380,) and in it the debtor swears that he is not possessed of any real or personal estate whatsoever, except his wearing apparel, bedding for himself and family, and the working tools or implements of his trade or calling, together with the equipments of a militia soldier.

Could the schedule have been more definite? Could not perjury have been assigned on the oath appended to this schedule? And if the creditor could have shown that the debtor was possessed of any other effects than those mentioned in the oath, would not a conviction have been inevitable? Was there any thing to prevent the creditors from suggesting fraud. or concealment of any property? And

could not an issue have been formed and tried by a Jury upon· this schedule ?

To our minds, the case is clear; and with the 7th section of the 4th article of the Constitution of the State before our eyes, that "the person of a debtor, where there is not a strong presumption of fraud, shall not be detained in prison after delivering, *bona fide*, all his estate, real and personal, for the use of his creditors," we cannot consent to see a citizen deprived of his liberty, upon a mere verbal quibble.